1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GARY R. THOMAS,

11          Plaintiff,                    No. CIV S-08-0757 JAM DAD P

12      vs.

13   D.K. SISTO, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983.  In accordance with this court's May 6, 2008 order, plaintiff has filed a properly

18   completed application to proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding

19   was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28

20   U.S.C. § 636(b)(1).

21          Plaintiff has submitted an in forma pauperis application that makes the showing

22   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

23   pauperis.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

25   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $41.38 will be assessed by this

26   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

1

1    agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

2    the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

3    twenty percent of the preceding month's income credited to plaintiff's prison trust account.

4    These payments will be collected and forwarded by the appropriate agency to the Clerk of the

5    Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

6    full.  See 28 U.S.C. § 1915(b)(2).

7         The court is required to screen complaints brought by prisoners seeking relief

8    against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

9    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

10   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

12   U.S.C. § 1915A(b)(1) & (2).

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

15   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19   Cir. 1989); Franklin, 745 F.2d at 1227.

20        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

21   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23   Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

24   355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

25   complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

26   must contain factual allegations sufficient "to raise a right to relief above the speculative level."

2

1   Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

2   accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

3   Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

4   plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

5   (1969).

6              The Civil Rights Act under which this action was filed provides as follows:

7              Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the
8              deprivation of any rights, privileges, or immunities secured by the
               Constitution . . . shall be liable to the party injured in an action at
9              law, suit in equity, or other proper proceeding for redress.

10  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

11  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

12  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

13  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

14  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

15  omits to perform an act which he is legally required to do that causes the deprivation of which

16  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17              Moreover, supervisory personnel are generally not liable under § 1983 for the

18  actions of their employees under a theory of respondeat superior and, therefore, when a named

19  defendant holds a supervisorial position, the causal link between him and the claimed

20  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

21  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

22  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

23  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

24  Cir. 1982).

25              In the present case, plaintiff has identified as defendants D.K. Sisto, V. Singh, J.

26  Nuehring, M. Chirila, and R. Brown.  Plaintiff's alleges that, on July 25, 2007, he went to the

1    yard in the morning, and prison officials accused him of assaulting a female officer.  Plaintiff

2    further alleges that he was then placed in a holding cell for a period of time.  Upon being returned

3    to his usual cell, plaintiff noticed that all of his personal belongings were gone.  Plaintiff alleges

4    that prison officials allowed him to remain in his cell with only a mattress for six days.  Plaintiff

5    alleges that he began kicking on the door until officer Sparrey gave him all of his property back.

6              Seemingly unrelated to the allegation summarized above, plaintiff also alleges that

7    defendant Brown is an SAP counselor who was hostile to him when he picked up his lunch.

8    Plaintiff alleges that he asked defendant Brown why he was "messing" with him and called him a

9    buster.  Defendant Brown allegedly told plaintiff  to say what he had to say to Brown's face and

10   when plaintiff turned to face Brown and defend himself, Brown sounded the alarm.

11             Plaintiff contends that as a result of these incidents he has been subjected to

12   abusive and inhumane treatment. Plaintiff requests exemplary and punitive damages as well as

13   injunctive relief.

14             The allegations in plaintiff's complaint are so vague and conclusory that the court

15   is unable to determine whether the current action is frivolous or fails to state a claim for relief.

16   The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

17   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

18   the defendants and must allege facts that support the elements of the claim plainly and succinctly.

19   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

20   with at least some degree of particularity overt acts which defendants engaged in that support his

21   claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

22   8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

23   amended complaint.

24              If plaintiff elects to file an amended complaint, he is advised that all defendants

25   must be identified in the caption of his pleading, and all defendants must be named, with position

26   and place of employment, in the section of the form designated for that purpose.  In addition, in

1   the section of the complaint in which the plaintiff is required to set forth a brief statement of the

2   facts of the case, he must describe how each defendant has deprived him of his constitutional

3   rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

4   connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

5   U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

6   F.2d 740, 743 (9th Cir. 1978).

7          To the extent that plaintiff seeks to bring a claim against defendants for cruel and

8   unusual punishment, he is advised that the "unnecessary and wanton infliction of pain"

9   constitutes cruel and unusual punishment prohibited by the United States Constitution.  Whitley

10  v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977);

11  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  However, neither accident nor negligence

12  constitutes cruel and unusual punishment, because "[i]t is obduracy and wantonness, not

13  inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and

14  Unusual Punishments Clause."  Whitley, 475 U.S. at 319.  What is needed to show unnecessary

15  and wanton infliction of pain "varies according to the nature of the alleged constitutional

16  violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).

17  Plaintiff must allege facts showing that objectively he suffered a sufficiently serious deprivation

18  and that subjectively each defendant had a culpable state of mind in allowing or causing the

19  plaintiff's deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

20         To the extent that plaintiff seeks to bring a claim against defendants for

21  withholding his property, he is advised that the United States Supreme Court has held that "an

22  unauthorized intentional deprivation of property by a state employee does not constitute a

23  violation of the procedural requirements of the Due Process Clause of the Fourteenth

24  Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v.

25  Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation

26  remedy, only authorized, intentional deprivations constitute actionable violations of the Due

1  Process Clause.  An authorized deprivation is one carried out pursuant to established state

2  procedures, regulations, or statutes.  <u>Piatt v. McDougall</u>, 773 F.2d 1032, 1036 (9th Cir. 1985);

3  <u>see</u> <u>also</u> <u>Knudson v. City of Ellensburg</u>, 832 F.2d 1142, 1149 (9th Cir. 1987).

4          Plaintiff is informed that the court cannot refer to a prior pleading in order to

5  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

6  complaint be complete in itself without reference to any prior pleading.  This is because, as a

7  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

8  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

9  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

10  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11          Also before the court is plaintiff's request for a court order, requiring prison staff

12  to complete and mail his application to proceed in forma pauperis.  As noted above, a properly

13  completed application has been submitted to the court.  Accordingly, plaintiff's request for a

14  court order will be denied as moot.

15          Accordingly, IT IS HEREBY ORDERED that:

16          1.  Plaintiff's June 9, 2008 application to proceed in forma pauperis is granted.

17          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

18  Plaintiff is assessed an initial partial filing fee of $41.38.  All fees shall be collected and paid in

19  accordance with this court's order to the Director of the California Department of Corrections

20  and Rehabilitation filed concurrently herewith.

21          3.  Plaintiff's complaint is dismissed.

22          4.  Plaintiff is granted thirty days from the date of service of this order to file an

23  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

24  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

25  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

26  /////

1  amended complaint in accordance with this order will result in a recommendation that this action

2  be dismissed without prejudice.

3          5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

4  civil rights action.

5          6.  Plaintiff's May 28, 2008 request for a court order is denied as moot.

6  DATED: June 20, 2008.

7

8  _____

9  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

10  DAD:9
    thom0757.14

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7