IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY R. THOMAS,

    Plaintiff,                    No. CIV S-08-0757 JAM DAD P

    vs.

D.K. SISTO, et al.,

    Defendants.              ORDER

         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed June 20, 2008, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint.

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

         A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

      In his original complaint, plaintiff identified as defendants D.K. Sisto, V. Singh, J. Nuehring, M. Chirila, and R. Brown. Plaintiff alleged that prison officials accused him of assaulting a female officer and placed him in a holding cell. Upon returning to his usual cell, plaintiff noticed that all of his personal belongings were gone. Plaintiff alleged that prison officials allowed him to remain in his cell with only a mattress for six days. Plaintiff alleged that he began kicking on the door until officer Sparrey gave him all of his property back.

      Plaintiff also alleged that defendant Brown, a substance abuse counselor, was hostile to him on an occasion when plaintiff picked up his lunch. Plaintiff alleged that he asked defendant Brown why he was "messing" with him and called Brown a "buster." Defendant Brown allegedly told plaintiff to say what he had to say to Brown's face and when plaintiff turned to face him, Brown sounded the alarm.

      Plaintiff claimed that he has been subjected to abusive and inhumane treatment. He requested exemplary and punitive damages as well as injunctive relief.

      The allegations in plaintiff's complaint were so vague and conclusory that the court was unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint did not contain a short and plain statement as required by Fed. R. Civ. P.

8(a)(2). The court advised plaintiff that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). However, neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. The court also advised plaintiff that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

In his amended complaint, plaintiff has identified as defendants D.K. Sisto, J. Nuehring, V. Singh, M. Chirila, and R. Brown. In a series of disorganized allegations, plaintiff complains about the actions of various defendants during his confinement at CSP-Solano.

For example, plaintiff alleges that he sent a letter to defendant Sisto informing him that prison officials placed him in a cell without a working toilet, denied him two meals, and forced him to sleep in a cell for six days with only a bare mattress in retaliation for filing an administrative appeal regarding laundry procedures. Plaintiff alleges that defendant Sisto has done nothing helpful to resolve these matters. Rather, defendant Sisto merely sent plaintiff's complaint to the same prison officials allegedly responsible for plaintiff's problems.

Plaintiff also appears to allege that defendants Nuehring and Chirila unfairly placed him on "management status" for being disruptive. However, plaintiff alleges that they needed approval from a unit administrator or watch commander to take such action. Plaintiff also alleges that defendant Singh told him before the institutional classification committee that he received some of plaintiff's letters from the warden and told plaintiff that the warden's office would always side with prison staff and that he had no relief coming.

1             Finally, plaintiff alleges that he and defendant Brown had a hostile confrontation
2   in a substance abuse trailer.  Plaintiff alleges that defendant Brown questioned why plaintiff was
3   in the trailer, but plaintiff refused to respond because defendant Brown should have known that a
4   prison official must have let him through the locked door.  Plaintiff alleges that defendant Brown
5   yelled at him and then sounded the alarm.  Plaintiff requests injunctive relief and damages.
6             The allegations in plaintiff's amended complaint continue to be so vague and
7   conclusory that the court is unable to determine whether the current action is frivolous or fails to
8   state a claim for relief.  The amended complaint does not contain a short and plain statement as
9   required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,
10  a complaint must give fair notice to the defendants and must allege facts that support the
11  elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,
12  649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts
13  which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply
14  with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  In
15  the interests of justice, the court will grant plaintiff a final opportunity to allege facts stating a
16  cognizable constitutional claim or claims.
17            If plaintiff elects to proceed with this action by filing a second amended
18  complaint, he is advised that he must sign his complaint.  Fed. R. Civ. P. 11(a).  In addition, in
19  the section of the complaint in which the plaintiff is required to set forth a brief statement of the
20  facts of the case, he must describe how each defendant has deprived him of his constitutional
21  rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
22  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423
23  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
24  F.2d 740, 743 (9th Cir. 1978).
25            If plaintiff files a second amended complaint, he should clarify what constitutional
26  right he believes each defendant has violated and support each claim with factual allegations

5

about each defendant's actions. Plaintiff has identified each defendant by name but has failed to include allegations about their actions that state a cognizable claim for relief. For example, plaintiff merely claims that he informed defendant Sisto by letter about the wrongdoings of other prison officials. However, plaintiff must allege some connection between defendant Sisto and a claimed constitutional violation. Supervisory personnel like defendant Sisto are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. Plaintiff may proceed in this action against defendant Sisto only if he was directly involved in the deprivation of plaintiff's constitutional rights.

Plaintiff is also advised that, it is well-established that both litigation in this court and filing administrative grievances are protected activities, and it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). As the Ninth Circuit has explained:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes, 408 F.3d at 567-68. Plaintiff is advised that not every allegedly adverse action is sufficient to support a claim for retaliation. See, e.g., Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e., "after this, therefore because of this."). However, to the extent that plaintiff believes defendants have retaliated against him, he should state so clearly in a second amended complaint.

To the extent that plaintiff seeks to bring a claim against defendants because of a particular classification or cell assignment, he is advised that he fails to state a cognizable claim under the Due Process Clause of the Fourteenth Amendment. Generally, prison classifications do not give rise to a federal liberty interest. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)). In addition, although "[s]tates

1  may under certain circumstances create liberty interests which are protected by the Due Process
2  Clause," those circumstances are generally limited to freedom from restraint that "imposes
3  atypical and significant hardship on the inmate in relation to the ordinary incidents of prison
4  life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Thus, it is well-established that inmates
5  do not have a constitutional right to be incarcerated at a particular correctional facility or in a
6  particular cell or unit within a facility. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976);
7  Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are
8  sufficiently extinguished by his conviction so that the state may change his place of confinement
9  even though the degree of confinement may be different and prison life may be more
10 disagreeable in one institution than in another.") Thus, allegations of a deprivation of rights
11 caused by prison officials' decisions regarding a prisoner's place of confinement or housing
12 assignments do not give rise to a federal constitutional claim under the Fourteenth Amendment.
13 See Board of Regents v. Roth, 408 U.S. 564, 569 (1972).
14        Similarly, to the extent that plaintiff seeks to bring a claim against defendants for
15 cruel and unusual punishment, he is advised the allegations in his amended complaint do not
16 appear to give rise to a claim under the Eighth Amendment. It is well established that the
17 "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited
18 by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also
19 Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).
20 However, neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t
21 is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct
22 prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. What is
23 needed to show unnecessary and wanton infliction of pain "varies according to the nature of the
24 alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley,
25 475 U.S. at 320). Plaintiff must allege facts showing that objectively he suffered a sufficiently
26 serious deprivation and that subjectively each defendant had a culpable state of mind in allowing

or causing the plaintiff's deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Finally, plaintiff has twice attempted to explain how defendant Brown allegedly violated his constitutional rights. However, from those allegations it appears that he and defendant Brown simply had a misunderstanding. At most, it appears that defendant Brown may have verbally harassed plaintiff. Plaintiff is advised that allegations of verbal harassment or abuse alone does not violate the Constitution and thus does not give rise to a claim for relief under 42 U.S.C. § 1983. Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (vulgar language and verbal harassment do not state a constitutional deprivation under § 1983). Even verbal conduct that constitutes a threat does not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 924 (9th Cir. 1987).

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 8, 2008 amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint;" failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: July 18, 2008.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
thom0757.14am